UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                    Chapter 11

Associated Community Services, Inc.,                      Case No. 14-44095

    Debtor.                                               Hon. Phillip J. Shefferly
_____/

**OPINION SUSTAINING IN PART DEBTOR'S
OBJECTION TO DANIEL PEPPER'S PROOF OF CLAIM**

### Introduction

This matter is before the Court on an objection filed by the Debtor, Associated Community Services, Inc., to a $10 million proof of claim filed by Daniel Pepper, which states that it is filed by Pepper "on behalf of himself and others similarly situated." For the reasons set forth in this opinion, the Court holds that: (i) the claim must be disallowed as a class action claim made on behalf of anyone other than Pepper; and (ii) to the extent that the claim is made on behalf of Pepper, there are issues of fact that require further proceedings.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a) and § 28 U.S.C. § 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### Facts

The following facts are not in dispute.

The Debtor is engaged in the business of soliciting donations for charities and non-profit organizations by direct mail and telephone. On October 18, 2013, Pepper filed a lawsuit against the Debtor in the Superior Court of Los Angeles County in the State of California ("State Court"). The

lawsuit states that it is filed on behalf of Pepper and on behalf of others similarly situated, and that it is a class action for damages and injunctive relief. The lawsuit alleges that the Debtor engaged in unlawful recording and monitoring of telephone calls in violation of the telephonic privacy laws in California.

On December 30, 2013, the Debtor removed the lawsuit to the United States District Court for the Central District of California ("District Court"). The District Court scheduled a conference with the parties for March 24, 2014. However, before the conference took place, the Debtor filed this Chapter 11 case on March 13, 2014. As a result, the District Court closed its file on March 19, 2014.

When the Debtor filed its Chapter 11 petition, the Debtor included Pepper and Pepper's counsel on the matrix of creditors that it filed. In addition, the Debtor listed Pepper on schedule F, with a claim of zero, indicating that it was both disputed and unliquidated. Because a copy of the Chapter 11 petition was filed in the District Court, and because both Pepper and Pepper's counsel were listed on the matrix and the schedules filed by the Debtor in this Chapter 11 case, there is no question that Pepper and his counsel knew of the existence of this Chapter 11 case immediately when it was filed.

On April 16, 2014, the Court issued a Chapter 11 case management order setting forth the dates, deadlines and procedures to govern this Chapter 11 case. Among other things, the Chapter 11 case management order set the claims deadline in this case at July 15, 2014. The Chapter 11 case management order also set deadlines for the Debtor to take certain actions, including the filing of a combined plan of reorganization and disclosure statement.

On the very last day to file claims, July 15, 2014, Pepper filed proof of claim no. 19 in the amount of $10 million. The proof of claim is not signed by Pepper, but is signed by Christina

Wickman, his attorney. The only document attached to it is a copy of the notice of removal that the Debtor filed to remove Pepper's lawsuit from the State Court to the District Court.

On September 11, 2014, the Debtor filed an objection (ECF No. 120) to Pepper's proof of claim. The objection makes two basic arguments. First, the Debtor concedes that class action proofs of claims are permissible in the Sixth Circuit, but requests that Pepper's proof of claim be disallowed because Pepper has neither sought nor received class action certification either pre-petition from the State Court or District Court, or post-petition from this Court. Second, the Debtor argues that it did not commit any of the violations of California law alleged in Pepper's proof of claim. In support, the Debtor attaches a declaration from one of its principals, Richard Cole.

On October 8, 2014, Pepper filed a timely response (ECF No. 131) to the Debtor's objection. In his response to the Debtor's first argument, Pepper does not dispute the fact that there has been no certification of the putative class of claimants described in his proof of claim either pre-petition or post-petition by the State Court, the District Court or this Court. However, Pepper addresses this argument by requesting that this Court now permit him to have a reasonable time in which to conduct discovery and seek class certification by filing a motion in this Court under Fed. R. Bankr. P. 7023. In response to the Debtor's second argument, Pepper contends that the Debtor's conduct did violate the California privacy laws. In support, Pepper attaches a declaration that he has signed.

On October 14, 2014, the Debtor filed a reply (ECF No. 134) to Pepper's response. On October 17, 2014, the Court held a hearing on the objection and took it under advisement.

## Discussion

Federal Rule of Bankruptcy Procedure 3001 governs proofs of claims. Fed. R. Bankr. P. 3001(b) states that a proof of claim shall be executed by the creditor or the creditor's

-3-

authorized agent. This rule makes clear that a proof of claim can only be filed by the creditor holding the claim or by someone that the creditor authorizes as its agent to file the claim for the creditor. On its face, this rule does not permit an individual to file a proof of claim on behalf of anyone other than such individual. Further, the rule says nothing about filing a class action proof of claim on behalf of any other individuals who may be similarly situated to the individual filing the proof of claim.

Despite the absence of any explicit reference in Rule 3001 to the filing of a class action proof of claim, the law is now settled that class action proofs of claims are permissible in bankruptcy cases. In <u>Reid v. White Motor Corp.</u>, 886 F.2d 1462 (6th Cir. 1989), the Sixth Circuit Court of Appeals followed an opinion from the Seventh Circuit in <u>In re American Reserve</u>, 840 F.2d 487 (7th Cir. 1988), which relied on Fed. R. Civ. P. 23 as authority for the filing of a class proof of claim in a bankruptcy case.

> The court in *American Reserve* noted that Bankruptcy Rule 7023 expressly provided that "Rule 23 Fed.R.Civ.P. applies in adversary proceedings." The court further explained that Bankruptcy Rule 9014, which applies to contested matters in bankruptcy proceedings, permits the bankruptcy court "at any stage in a particular matter [to apply] one or more of the other rules of Part VII," which would include Rule 7023, as it relates to class actions. Accordingly, Rule 9014 authorizes bankruptcy judges, within their discretion, to invoke Rule 7023, and thereby Fed.R.Civ.P. 23, the class action rule, to "any stage" in contested matters, including, class proofs of claims.

<u>Reid v. White Motor</u>, 886 F.2d at 1469 (quoting <u>In re American Reserve</u>, 840 F.2d at 488) (footnotes and other citation omitted).

After holding in <u>Reid</u> that a bankruptcy court may apply Rule 7023 to a class proof of claim, the Sixth Circuit then turned to the facts in the case before it. In <u>Reid</u>, a class action had been certified in state court prior to the time that the bankruptcy case was filed. After the bankruptcy case was filed, the attorney for the plaintiff class in state court filed a class proof of claim in the

bankruptcy case. The bankruptcy court sustained the trustee's objection to the claim. The Sixth Circuit affirmed, noting that the attorney who signed the proof of claim "totally disregarded compliance with the bankruptcy procedures regulating the filing of class proofs of claim in a bankruptcy proceeding." Id. at 1470. In reaching this conclusion, the Sixth Circuit pointed out that the attorney signing the proof of claim had failed, among other things, "to confirm his representative capacity to represent a class" and timely file a motion with the bankruptcy court requesting the bankruptcy court to apply Rule 7023. Id. at 1470-71. The Sixth Circuit explained that when an individual files a class claim, the individual has the burden of proving that he or she is entitled to class certification. Id. at 1471.

The Debtor argues that Reid supports its objection to Pepper's claim. The Debtor points out that when Pepper filed his proof of claim, he had no authority to file it on behalf of anyone else. The putative class that is referred to in Pepper's proof of claim has not been certified by any court, not the State Court, not the District Court, and not this Court. Nor has Pepper ever been authorized by any court to be a representative of the putative class described in his proof of claim. Simply put, at the time he filed his proof of claim on July 15, 2014, Pepper did not have the standing or authorization to file the proof of claim on behalf of any creditor other than himself.

Pepper counters by arguing that Reid holds that Fed. R. Bankr. P. 9014 authorizes bankruptcy judges to exercise discretion to apply Rule 7023 at any stage in a contested matter. Pepper points out that neither Rule 7023 nor Rule 9014 establish a deadline for filing a motion to apply Rule 7023, citing cases that have held only that the request should not be made so late as to unduly delay the administration of the case or cause prejudice to any party.

The first case cited by Pepper, Ephedra Products Liability Litigation, 329 B.R. 1 (S.D.N.Y. 2005), involved a pre-petition state court class action. After the defendant filed Chapter 11, a

liquidating plan of reorganization was confirmed. Id. at 3. The putative class representative in the state court class action filed a class proof of claim in the bankruptcy case. The debtor objected. The Ephedra court began by recognizing that American Reserve and other cases have held that a class proof of claim may be allowed in the discretion of the bankruptcy court, and then turned to a discussion of the appropriate time for filing a motion requesting the exercise of such discretion.

> More generally, these cases hold that Rule 23 may be invoked against the debtor only if the bankruptcy court first makes a discretionary ruling under Rule 9014 to apply Rule 23 to the proof of claim. Although the Bankruptcy Code and Rules give no express guidance for the court's exercise of this discretion, a pervasive theme is avoiding undue delay in the administration of the case. It follows that a court sitting in bankruptcy may decline to apply Rule 23 if doing so would in Judge Bernstein's words, "gum up the works" of distributing the estate. For example, since class litigation is inherently more time-consuming than the expedited bankruptcy procedure for resolving contested matters, class litigation would have to be commenced at the earliest possible time to have a chance of being completed in the same time frame as the other matters that must be resolved before distributing the estate.

Id. at 5 (citation omitted).

Ephedra then held that the potential interference with timely distribution provided sufficient grounds to disallow the claim in the case before it. The court noted that "[t]he liquidating plan was already submitted for a vote of creditors before the [bankruptcy court] was finally asked to decide whether or not to exercise its discretion under Rule 9014." Id. at 5. Applying Rule 23 to the class claim at this late date "would initiate protracted litigation that might delay distribution of the estate for years." Id. The court concluded that "[i]t is simply too late in the administration of this Chapter 11 case to ask the Court to apply Rule 23 to the class proofs of claim." Id.

In the second case cited by Pepper, Computer Learning Centers, Inc., 344 B.R. 79 (Bankr. E.D. Va. 2006), the court came to a similar result as in Reid and Ephedra. Like Ephedra, this case also involved a class action that had been certified pre-petition in state court. Id. at 82. When the

bankruptcy case was filed, the state court class action was dismissed. Id. at 83. The class representative filed a class proof of claim in the bankruptcy case and the trustee objected. Id. at 84. In response to the trustee's objection, the creditor filing the class proof of claim filed a separate motion requesting that the bankruptcy court apply Rule 7023 to the proof of claim and requesting that the proof of claim be certified as a class action. Id.

Like Reid and Ephedra, the Computer Learning Centers court began by citing American Reserve: "*American Reserve*, the seminal case on this issue, makes plain that although class proofs of claim may be permitted, they are not a matter of right." Id. at 85-86. The Computer Learning Centers court then reviewed some of the non-exclusive considerations identified in American Reserve that should be taken into account by a bankruptcy court when deciding whether to exercise its discretion to apply Rule 7023 to a class proof of claim. Among other things, a bankruptcy court may consider "the benefits and costs of class certification"; "whether a class proof of claim would unduly complicate or delay the administration of the bankruptcy case"; and the timeliness of the motion brought seeking to apply Rule 7023. Id. at 86. The Computer Learning Centers court elaborated on the timeliness factor, noting that Rule 9014 does not establish a deadline for filing a Rule 7023 motion. However, the court cautioned that

> [t]his is not, however, license to procrastinate. A Rule 7023 motion should be filed as soon as practicable and should be denied if it comes so late as to prejudice any party. Early application of Rule 7023 solves the logical problem of filing a class proof of claim before Rule 7023 is made applicable to the prospective class proof of claim and furthers the policy of an orderly and expeditious administration of the bankruptcy case.

Id. at 88 (footnote omitted).

The Computer Learning Centers court then took up one other issue: can a Rule 7023 motion be filed as a defense to an objection to the class proof of claim? The court held that it could not.

> Logically, the Rule 7023 motion should be granted before a class proof of claim is filed. Objection to a purported class proof of claim on the ground that Rule 7023 has not been made applicable to it is only one ground upon which a valid objection might be made. A Rule 7023 motion is not a defense to such an objection since the objection is well taken at the moment that it is made. A Rule 7023 motion filed at that time is merely an attempt to remedy an obvious defect that will otherwise certainly result in disallowance of the claim.

Id. at 88-89 (footnote omitted).

The Computer Learning Centers court observed that the initial contested matter "is whether the proof of claim may be filed as a class proof of claim in the first instance." Id. at 88. In Kahler v. FIRSTPLUS Financial, Inc. (In re FIRSTPLUS Financial, Inc.), 248 B.R. 60 (Bankr. N.D. Tex. 2000), the court gives a helpful explanation why. Bankruptcy Rule 3001(b) requires that a proof of claim be filed either by the actual creditor or that creditor's authorized agent. "The concept of agency is so fundamental that it barely requires articulation: An agency relationship 'exists only if there has been a manifestation by the principal to the agent that the agent may act on his account, and consent by the agent to do so.'" Id. at 68 (quoting Restatement (Second) Agency § 15 (1958)). "Or, to put in another way, 'Rule 3001(b) allows a creditor to decide to file a proof of claim and to instruct an agent to do so; it does not allow an "agent" to decide to file a proof of claim and then inform a creditor after the fact.'" Id. (quoting Sheftelman v. Standard Metals Corp. (In re Standard Metals Corp.), 817 F.2d 625, 631 (10th Cir. 1987)). If the court "allows a party to file a proof of claim on behalf of a class of creditors without having obtained the requisite authorization as the creditors' agent," the court has granted the putative class representative "authorized agent status retroactively to the date of the filing of the proof of claim. It is a springing authorization of an agent by the court." Id. at 68.

> This "springing authorized agency" is an attempt by the courts to stand in the shoes of the principals and ratify the unauthorized filing by the putative class representative: Ratification by the court is not an option because the bankruptcy

> court is not the principal; the creditors whom the putative class representative purports to represent are the principals, in whom the power to ratify such an act vests. The court may not stand in the shoes of the creditor-principals and ratify the putative agent's act of filing a class proof of claim. . . . Such use of Rules 9014 and 7023 impermissibly eviscerates the force and effect of Rule 3001(b) in every case involving a class proof of claim.

Id. at 69.

Two principles emerge from the caselaw: (i) a creditor seeking to apply Rule 7023 to a proof of claim purportedly filed on behalf of a class of creditors should file a motion under Rule 9014(c) at the earliest possible time in the bankruptcy case; and (ii) a curative motion under Rule 9014(c) seeking to apply Rule 7023 is not a defense to an objection to a proof of claim purportedly filed on behalf of a class of creditors. How do these principles apply to the Debtor's objection in this case?

First, it is undisputed that Pepper has known about the bankruptcy case since the date that it was filed on March 13, 2014. However, Pepper did not file a motion to apply Rule 7023 after the case was filed. Nor did Pepper file a motion to apply Rule 7023 at the time that he filed his proof of claim on July 15, 2014. Pepper still did not file a motion to apply Rule 7023 after the Debtor filed an objection to his proof of claim on September 11, 2014, or even when he filed his response to the Debtor's objection on October 8, 2014. To this date Pepper has not filed a motion to apply Rule 7023, despite the fact that this Chapter 11 case is now more than seven months old.

By any measure, Pepper has already had plenty of time to file a motion. The motion itself is not complicated, and certainly does not take seven months to prepare. As for Pepper's contention that he needs time in which to take discovery before filing a motion to apply Rule 7023, the Court finds that he has already had sufficient time to conduct such discovery. Fed. R. Bankr. P. 2004 permits "any party in interest" in a bankruptcy case to obtain an examination of the debtor or any other entity regarding "the acts, conduct, or property or . . . financial condition of the debtor, or

-9-

[ ] any matter that may affect the administration of the debtor's estate." If Pepper needed to conduct discovery before filing a motion to apply Rule 7023, he had ample time to do so under Fed. R. Bankr. P. 2004. Rule 2004 examinations are routinely granted, and are one of the few instances where the Federal Rules of Civil Procedure permit discovery to be taken before filing a motion or commencing an action. Pepper offers no explanation as to why he has not taken a Rule 2004 examination or sought any other discovery to date that could assist him in assembling whatever facts he believes are necessary before filing a motion to apply Rule 7023.

Chapter 11 cases do not last forever. Chapter 11 is designed to permit an opportunity to reorganize in an economically efficient and expeditious manner. The Bankruptcy Code limits the time for a debtor to file a plan of reorganization and courts routinely set deadlines to ensure that a debtor's best efforts are made to move swiftly through Chapter 11. Section 1121(d)(1) of the Bankruptcy Code provides only 120 days for a Chapter 11 debtor to have the exclusive right to file a plan of reorganization. In this case, the Court entered a Chapter 11 case management order that required the Debtor to file a plan of reorganization by July 11, 2014. On July 7, 2014, the Court entered an order extending that deadline, but only to October 10, 2014. The Debtor complied with that deadline by timely filing a plan of reorganization. That plan of reorganization is now scheduled for confirmation on December 8, 2014. In these circumstances, to delay filing a motion to apply Rule 7023 for seven months is unreasonable.

Even outside of Chapter 11, the Federal Rules of Civil Procedure place a premium on having an early determination of whether a class action will be certified. Fed. R. Civ. P. 23(c)(1)(A) states that, "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." The policy embodied in Rule 23(c)(1)(A) is even more compelling in the context of a Chapter 11 case.

Pepper argues that despite the passage of seven months, he should still be given more time in which to conduct discovery and then file a motion to apply Rule 7023. More specifically, he argues that granting him an additional reasonable period of time will work no prejudice in this case. Pepper points out that the Debtor's plan of reorganization is essentially a "pot plan," which provides a distribution for unsecured creditors based upon the Debtor's net cash flow. According to Pepper, the amount of the distribution required by the plan is unaffected by his proof of claim. In other words, the Debtor's plan contemplates a payment of net cash flow that does not change depending upon how many claims have been filed, and in what amounts those claims are allowed. The claims that have been filed and the amounts that are allowed affect only *who* receives a prorated share of the net cash flow. As a consequence, Pepper argues that there is no undue delay, nor any prejudice, that will be suffered by granting him a reasonable period of time to conduct discovery and file a motion to apply Rule 7023.

Pepper's argument is not persuasive. While it is true that the Debtor's plan provides only for payments of net cash flow, it is difficult for the Court to understand how the Debtor's plan can be balloted where creditors in the case will be voting on a plan that provides a fixed amount of distribution, yet will not know whether a class action for $10 million will ultimately go forward. It is impossible for creditors voting on the Debtor's plan to intelligently evaluate what they will receive as a prorated share of the Debtor's net cash flow if Pepper is going to be granted a period of time post-confirmation in which to conduct discovery and then file a motion to apply Rule 7023. But even if creditors could intelligently evaluate the Debtor's plan under these circumstances, the time frame that Pepper requires to conduct discovery and then file a motion to apply Rule 7023 basically means that there will be no distribution to creditors under the Debtor's plan of reorganization, even if it is confirmed at the December 8, 2014 confirmation hearing, for a very long

period of time. The plan provides for a distribution out of net cash flow to be made beginning in February, 2016. At the hearing on the Debtor's objection to Pepper's proof of claim, Pepper requested that he be given four months in which to conduct discovery, followed by a period of time to file a motion to apply Rule 7023, after which he will begin to litigate his class action. If the Court were to grant this time to Pepper to take discovery and file a motion to apply Rule 7023, it is very unlikely that there will be any resolution of the request for class action certification and, if a class is certified, the class action itself, in sufficient time to permit the Debtor to make distributions under its plan to its creditors on the date specified in the plan.

In the circumstances of this case, the Court finds that there will be prejudice to the Debtor, by delaying the Debtor's Chapter 11 case and by increasing the Debtor's legal expenses in administering this Chapter 11 case. The Court further finds that there will be prejudice to the creditors of the Debtor by delaying any distributions to them while Pepper now just begins to conduct discovery and file a motion to apply Rule 7023.

At the hearing on the Debtor's objection to Pepper's proof of claim, Pepper raised a new argument not raised in his written response. Specifically, Pepper now argues that he could not have previously filed a motion to apply Rule 7023 because there was no contested matter until the Debtor filed an objection to his proof of claim on September 11, 2014. This argument is premised on Pepper's contention that there was no contested matter until such time as the Debtor filed an objection to the proof of claim. In support, Pepper points to footnote 8 in Reid, which notes that an objection to a proof of claim is a contested matter. 886 F.2d at 1462 n.8. While that statement is true as far as it goes, there is nothing in footnote 8, or otherwise in the Reid opinion, that holds that a motion to apply Rule 7023 can only be filed after an objection to a proof of claim has first been filed. As explained by the FIRSPLUS case, the class proof of claim itself is a contested matter. In

-12-

addition, a motion brought under Rule 9014(c) to apply Rule 7023 is also a contested matter. Pepper could have filed a motion under Rule 9014(c) requesting the Court to apply Rule 7023 to his proof of claim at any time in this case, without waiting for an objection to his proof of claim to be filed by the Debtor. The Court rejects Pepper's new argument that he was somehow prohibited from filing a motion to apply Rule 7023 until after the Debtor filed an objection to his proof of claim. Even if that proposition was true, it is worth noting that Pepper still has not filed a motion to apply Rule 7023 in the seven weeks that have elapsed since the Debtor filed its objection to Pepper's proof of claim on September 11, 2014.

The cases cited by Pepper in his response do not help his position. If anything, they make it clear that the procedural roadmap set forth in <u>Reid</u> must be followed if a creditor intends to file a class proof of claim. In the Court's view, the "earliest possible time" means that a motion under Rule 9014 to apply Rule 7023 in a bankruptcy case should be filed *before* the proof of claim is filed, but in any event *before* an objection to the proof of claim is filed.

As to the second point emerging from the caselaw, the Court agrees with the <u>Computer Learning Centers</u> case that it is no defense to an objection to a proof of claim to state that the creditor *intends* to file a curative motion to apply Rule 7023. The Debtor's objection states that Pepper did not have authority to file the proof of claim on behalf of any creditor other than himself after the time that he filed the proof of claim. As noted in <u>Computer Learning Centers</u>, that "objection is well taken at the moment that it is made." 344 B.R. at 89.

## Conclusion

In sum, Pepper has it backwards. The time to get class certification was *before* filing the proof of claim on behalf of the putative class. And there was ample time for him to do so. A timely filed motion could have been heard, responded to and adjudicated by the Court in sufficient time to

-13-

inform Pepper as to whether he had the requisite authority to even file a class action proof of claim. But even if he did not file it early in the case so as to have it adjudicated before the July 15, 2014 bar date, he certainly could have filed it at the same time that he filed his proof of claim so that it could be adjudicated before an objection to his proof of claim was filed and heard. Even if he had filed it belatedly after he received the Debtor's objection on September 11, 2014 to the proof of claim, it still could have been brought before the Court for disposition before hearing the Debtor's objection. But not now. The Court is not going to postpone consideration of the Debtor's plan of reorganization and disclosure statement and delay the administration of this Chapter 11 case now to give Pepper more time to file a motion that could have, should have, been filed long ago. That would unduly delay the administration of this Chapter 11 case and prejudice both the Debtor and the Debtor's creditors.

The Court accepts the first argument made in the Debtor's objection. Pepper was not authorized to file a class action proof of claim at the moment in time on July 15, 2014 when he signed the proof of claim under penalty of perjury purportedly on behalf of himself and others similarly situated. The Court concludes that the Debtor's objection must be sustained to the extent that it objects to the proof of claim being filed on behalf of a class. The Court denies Pepper's belated request for more time.

The Debtor's second argument in its objection is that it did not commit the alleged violations of California privacy laws. Based on Cole's declaration and Pepper's declaration, the Court finds that there are issues of fact with respect to whether the Debtor violated California privacy laws in a manner that would create a claim in favor of Pepper, individually. The Court will therefore schedule an evidentiary hearing to resolve any issues of fact regarding Pepper's individual claim. Before doing so, the Court will first require Pepper to amend his proof of claim by November 17,

2014, to set forth only the amount of damages, if any, that he individually claims. The Court will enter a separate order consistent with this opinion.

.

**Signed on October 30, 2014**

                        **/s/ Phillip J. Shefferly**
                        **Phillip J. Shefferly**
                        **United States Bankruptcy Judge**