UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Chapter 11

Associated Community Services, Inc.,            Case No. 14-44095-PJS

      Debtor.                                    Hon. Phillip J. Shefferly
_____/

### ORDER GRANTING UNITED STATES' MOTION REQUESTING THAT THE BANKRUPTCY COURT ISSUE A REPORT AND RECOMMENDATION THAT THE DISTRICT COURT ISSUE A WRIT OF *HABEAS CORPUS AD TESTIFICANDUM*

### Introduction

Chief Bankruptcy Judge Phillip J. Shefferly enters this order, makes this report and recommends that the United States District Court issue a writ of *habeas corpus ad testificandum* to the Bureau of Prisons and the United States Marshal to produce Kleppe Houston ("Houston"), an individual who is presently incarcerated at the Federal Correctional Institute at Milan, Michigan, to testify at a trial in the bankruptcy court on an objection to a proof of claim filed by the Internal Revenue Service ("IRS") in this Chapter 11 bankruptcy case. The Court enters this order, and makes this report and recommendation, at the request of the United States of America, for the following reasons.

### Background

Associated Community Services, Inc. ("ASC") is engaged in the business of soliciting donations for charities and non-profit organizations by direct mail and telephone. On March 13, 2014, ASC filed this Chapter 11 case. At that time, ASC was involved in a dispute with the IRS regarding the non-payment of withholding taxes for employees of ASC. Following the filing of the

Chapter 11 petition, the IRS filed a proof of claim in the Chapter 11 case in an amount in excess of $15 million. ASC filed an objection ("Claim Objection") to the IRS's proof of claim. The IRS filed a response to the Claim Objection. Since that time, ASC and the IRS have vigorously litigated the Claim Objection.

Meanwhile, ASC moved forward with its Chapter 11 plan of reorganization. Although the IRS initially objected to confirmation of the plan, ASC and the IRS eventually resolved the IRS's objection to confirmation of the plan. On April 24, 2015, the plan was confirmed. The confirmation order expressly recognized that even though the IRS had withdrawn its objection to confirmation of the plan, ASC and the IRS had not resolved the Claim Objection. The confirmation order further recognized that the parties agreed to estimate the IRS's proof of claim for purposes of confirmation of the plan, and that ASC would continue to pay the IRS $90,000.00 per month for as long as it would take to litigate the Claim Objection.

The Claim Objection is now scheduled for trial in the bankruptcy court on May 3, 4, and 5, 2017, beginning each day at 9:30 a.m. One of the central issues in the trial involves the application of 26 U.S.C. § 3401(d). Specifically, at issue is whether ASC should be considered an employer responsible for payment of withholding taxes under that statute, or whether CO-HR, LLC ("CO-HR"), a limited liability company hired by ASC to perform various services for ASC, should instead be held responsible for payment of withholding taxes. ASC and the IRS both consider Houston, the person who formed and managed CO-HR, to be a key witness whose presence at trial is necessary to testify regarding this issue. Based on its familiarity with the Claim Objection, including a review of a transcript of Houston's deposition submitted to the Court in connection with a motion for summary judgment, the Court agrees with ASC and the IRS.

-2-

Unfortunately, the parties cannot simply subpoena Houston to testify at trial because he is presently incarcerated. On August 12, 2014, Houston was indicted in the United States District Court for the Eastern District of Michigan, case no. 14-cv-20478-JEL. On March 31, 2015, Houston entered into a plea agreement under Rule 11 of the Federal Rules of Criminal Procedure. On December 2, 2015, the Honorable Judith E. Levy sentenced Houston to a term of incarceration at the Federal Correctional Institute at Milan, Michigan, ending on January 20, 2018.

As this report and recommendation will explain, there is no clear authority for a bankruptcy court to issue a writ of *habeas corpus ad testificandum* to produce an incarcerated person to testify at a trial. Therefore, on March 3, 2017, the IRS filed a motion requesting this Court to make this report and recommendation to the United States District Court to issue a writ of *habeas corpus ad testificandum* to produce Houston as a witness at the trial on the Claim Objection. The motion states that ASC consents to the relief requested by the motion.

### Applicable Law

28 U.S.C. § 1651(1) provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." More specifically, 28 U.S.C. § 2241(a) provides that "[w]rits of *habeas corpus* may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." Under 28 U.S.C. § 2241(c)(5), such writs "shall not extend to a prisoner unless . . . [i]t is necessary to bring him into court to testify or for trial." See Sales v. Marshall, 873 F.2d 115, 118-19 (6th Cir. 1989) (finding that, absent "exceptional circumstances," the proper basis to issue a writ of *habeas corpus ad testificandum* is § 2241, as it is the more specific statute) (citing Pennsylvania Bureau of Corrections v. United States

-3-

Marshals, 474 U.S. 34, 48 (1985)). 18 U.S.C. § 3621(d) provides that "[t]he United States marshal shall, without charge, bring a prisoner into court . . . on order of a court of the United States . . . ."

"An application for a writ of *habeas corpus ad testificandum* is addressed to the discretion of the court." Cuckovich v. United States, 170 F.2d 89, 90 (6th Cir. 1948) (citations omitted). "[A] court should issue a writ that requires the production of a prisoner only in those cases where the prisoner's physical presence will contribute significantly to a fair adjudication of his claims." Holt v. Pitts, 619 F.2d 558, 561 (6th Cir. 1980) (citing Price v. Johnston, 334 U.S. 266, 284-95 (1948), overruled on other grounds by McCleskey v. Zant, 499 U.S. 467(1991)). Additional factors are the "'potential danger or security risk,'" "'the need for an early determination of the matter,'" and "'the possibility of delaying trial until the prisoner is released.'" Id. at 561-62 (quoting Stone v. Morris, 546 F.2d 730, 735-36 (7th Cir. 1976)) (finding no abuse of discretion in denying the motion because the matter was still at the pre-trial stage where credibility determinations "play little or no part . . . of the court's decision-making"); see also Shaffner v. Smith, 798 F.2d 1416 (table) (6th Cir. July 16, 1986) (finding that the trial court did not abuse its discretion in denying writ of *habeas corpus ad testificandum* for non-plaintiff prisoners, finding that their testimony would be cumulative) (relying on Holt v. Pitts, 619 F.2d 558); Ketchum v. Khan, no. 10-cv-14749, 2016 WL 6441255, at *3 (E.D. Mich. Nov. 1, 2016) (granting the plaintiff/prisoner's request for a writ of *habeas corpus ad testificandum* because "civil trial on an excessive force claim will necessarily involve extensive testimony and thus credibility determinations").

A district court clearly has statutory authority to issue a writ of *habeas corpus ad testificandum*. "It is not clear whether a bankruptcy court as an adjunct of the district court has independent authority to issue [a writ of *habeas corpus ad testificandum*]." In re Larson, 232 B.R.

-4-

396, 398 (Bankr. W.D. Wisc. 1999) (citing In re Cornelious, 214 B.R. 588 (Bankr. E.D. Ark. 1997) ("finding no authority") and In re Bona, 124 B.R. 11 (S.D.N.Y. 1991) ("discussing the doubtful authority")). "The majority of the few cases to consider the issue have concluded that a bankruptcy judge lacks the statutory authority to issue a writ of *habeas corpus*." Gowan v. Westford Asset Management LLC (In re Dreier LLP), adv. no. 10-5447, 2014 WL 3767460, at *1 (Bankr. S.D.N.Y. July 31, 2014) (collecting cases). See also Barlow v. McGee (In re Barlow), adv. no. 10-80069, 2010 WL 3831387, at *1, n.1 (Bankr. W.D. Mich. Sept. 20, 2010) (finding that the court had jurisdiction to consider the defendant's motion for writ of *habeas corpus ad testificandum* and denying the motion on the merits, but noting that, "[i]f the court were inclined to grant the writ, it would consider making a report and recommendation to the United States District Court as a matter of courtesy and convenience"). In the Eastern District of Michigan, E.D. Mich. LR 72.1(a)(2)(L) provides that the district court may authorize magistrate judges to issue writs of *habeas corpus ad testificandum*, but the rule does not extend that authority to bankruptcy judges. Nor does the referral in E.D. Mich. LR 83.50 of bankruptcy matters to bankruptcy judges confer that authority.

## Recommendation

From its review of the applicable statutes, case law and other authorities, the Court concludes that it does not have the authority to issue a writ of *habeas corpus ad testificandum* to produce Houston to testify. However, the Court agrees with the IRS and ACS that Houston's testimony is crucial to a fair and complete adjudication of the Claim Objection. Therefore, the Court grants the IRS's motion, issues this report, and recommends that the district court issue a writ of *habeas corpus ad testificandum* to produce Houston to testify. In support, the Court notes the following.

Houston's personal knowledge regarding disputed material issues of fact raised by the Claim Objection is unique and not available from any other witness. Houston's deposition testimony shows that he was both at the center of the negotiations between ACS and CO-HR and at the center of their ongoing relationship. When the Court denied summary judgment on the Claim Objection, the Court observed that Houston's deposition testimony conflicted with the deposition testimony of other witnesses, regarding the nature and extent of the relationship between ACS and CO-HR, and the nature and extent of CO-HR's duties and responsibilities under that relationship. Credibility determinations regarding Houston and other live witnesses will be important to the Court's consideration of this conflicting evidence. ACS and the IRS have now been litigating the Claim Objection for three years. The time and expense of this litigation has been and continues to be substantial for both parties. All pretrial matters are now concluded, the parties are ready for trial and the Court has set firm trial dates on May 3, 4, and 5, 2017. Houston is not due to be released until January 20, 2018. Waiting nearly another year for Houston to be able to testify after his incarceration is over will significantly delay the trial, increase the parties' expenses and potentially impair ACS's fresh start under its confirmed plan. Finally, the Court knows of no reason why production of Houston for trial will create a security risk.

For these reasons, the Court grants the IRS's motion and recommends that the United States District Court order the Warden of the Federal Correctional Institute at Milan, Michigan, and the United States Marshal to produce Houston to testify at the scheduled trial of the Claim Objection.

Accordingly,

**IT IS HEREBY ORDERED** that the IRS's motion (ECF No. 492) is granted.

**IT IS FURTHER ORDERED** that the Court recommends to the United States District Court for the Eastern District of Michigan that it issue a writ of *habeas corpus ad testificandum* to the Warden of the Federal Correctional Institute at Milan, Michigan, and the United States Marshal to produce Houston to testify in the bankruptcy court at trial on May 3, 4, and 5, 2017, beginning each date at 9:30 a.m.

**IT IS FURTHER ORDERED** that the Clerk of the Bankruptcy Court shall transmit this order, report and recommendation to the United States District Court for the Eastern District of Michigan together with a copy of each of the following exhibits:

| | |
|---|---|
| Exhibit 1 | Corrected Debtor's Objection to Internal Revenue Service's Proof of Claim, filed on January 23, 2015 (without exhibits) (ECF No. 216). |
| Exhibit 2 | United States' Response to Corrected Debtor's Objection to Internal Revenue Service's Proof of Claim, filed February 23, 2015 (without exhibits) (ECF No. 227). |
| Exhibit 3 | Order (1) Adjourning Final Pretrial Conference and Trial on Objection to IRS Proof of Claim; (2) Setting Other Deadlines; and (3) Scheduling Additional Telephone Pretrial Conference, filed January 24, 2017 (ECF No. 485). |
| Exhibit 4 | Creditor United States' Agreed Motion Requesting a Writ of *Habeas Corpus ad Testificandum*, filed on March 3, 2017 (ECF No. 492). |

.

Signed on March 23, 2017

```
         /s/ Phillip J. Shefferly
      Phillip J. Shefferly
      United States Bankruptcy Judge
```